IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICHOLAS FRANCIS DEYO, : | |
| : | |
| Plaintiff, : | CIVIL ACTION NO. 23-1658 |
| : | |
| v. : | |
| : | |
| PHILLIP R. ECK and MANOR : | |
| TOWNSHIP POLICE, : | |
| : | |
| Defendants. : | |

**ORDER**

**AND NOW**, this 5th day of June, 2023, after considering the application for leave to proceed *in forma pauperis*, prisoner trust fund account statement, and complaint filed by the *pro se* plaintiff, Nicholas Francis Deyo (Doc. Nos. 1, 10, 11); and for the reasons stated in the separately filed memorandum opinion, it is hereby **ORDERED** as follows:

1. The application for leave to proceed *in forma pauperis* (Doc. No. 10) is **GRANTED**, and the plaintiff has leave to proceed *in forma pauperis*;

2. Nicholas Francis Deyo ("Deyo"), #2-2 3089, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The court directs the Warden of the Lancaster County Prison or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Deyo's inmate account; or (b) the average monthly balance in Deyo's inmate account for the six-month period immediately preceding the filing of this case. The Warden or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this order to the court with a reference to the docket number for this case. In each succeeding month when the amount in Deyo's inmate trust fund account exceeds $10.00, the Warden or other appropriate official shall forward payments to

the clerk of court equaling 20% of the preceding month's income credited to Deyo's inmate account until the fees are paid. Each payment shall refer to the docket number for this case;

3. The clerk of court is **DIRECTED** to send a copy of this order to the Warden of the Lancaster County Prison;

4. The complaint (Doc. No. 1) is **DEEMED** filed;

5. The complaint (Doc. No. 1) is **DISMISSED** as follows:

   a. Deyo's (1) 42 U.S.C. § 1983 claim against the Manor Township Police Department; (2) any claims for violations of the Pennsylvania Criminal Code; (3) any claims under 11 Pa. C.S. § 12005, 18 Pa. C.S. § 9111, 18 Pa. C.S. § 9153, and 54 Pa. C.S. § 1124; and (4) any claims for damages for violations of the Pennsylvania Constitution, are **DISMISSED WITH PREJUDICE**; and

   b. Deyo's 42 U.S.C. § 1983 official and individual capacity claims against Officer Phillip R. Eck ("Officer Eck") are **DISMISSED WITHOUT PREJUDICE**;

   c. Deyo's 42 U.S.C. § 1983 claims relating to the conditions of his confinement at the Lancaster County Prison are **DISMISSED WITHOUT PREJUDICE** to Deyo reasserting them by filing a new civil action against appropriate defendants;

   d. Deyo's claim seeking the return of his property is **DISMISSED WITHOUT PREJUDICE** to his right to pursue the return of his property in state court;

   e. Deyo's claim seeking his release from prison is **DISMISSED WITHOUT PREJUDICE** to him proceeding on a petition for a writ of habeas corpus; and

   f. Deyo's state-law tort claims for false light invasion of privacy, false arrest, false imprisonment, and defamation, are **DISMISSED WITHOUT PREJUDICE**;

6. The clerk of court is **DIRECTED** to **TERMINATE** the Manor Township Police Department as a defendant in this case;

7. Deyo may file an amended complaint within **thirty (30) days** of the date of this order if he is able to cure the defects the court has identified in his claims against Officer Eck. Deyo may **not** attempt to reassert any claim already dismissed with prejudice against a defendant that has been terminated. Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Deyo's claims against each defendant. The amended complaint shall be a complete document that does not rely on the initial complaints or other papers filed in this case to state a claim. When drafting his amended complaint, Deyo should be mindful of the court's reasons for dismissing the claims in his complaint as explained in the court's separately filed memorandum opinion. Upon the filing of an amended complaint, the clerk shall not make service until so ordered by the court;

8. The clerk of court is **DIRECTED** to **SEND** Deyo a blank copy of the court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Deyo may use this form to file his amended complaint if he chooses to do so;[1]

9. If Deyo does not wish to file an amended complaint and instead intends to stand on his complaint as originally pleaded, he may file a notice with the court within **thirty (30) days** of the date of this order stating that intent, at which time the court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case;[2] and

---

[1] This form is available on the court's website at https://www.paed.uscourts.gov/documents/forms/frmc1983f.pdf.
[2] *See Weber v. McGrogan*, 939 F.3d 232, 241 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976)));

10. If Deyo fails to file any response to this order, the court will conclude that he intends to stand on his amended complaint and will issue a final order dismissing this case.[3]

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

*In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

[3] *See Weber*, 939 F.3d at 239–40 (explaining that plaintiff's intent to stand on complaint may be inferred from inaction after issuance of order directing plaintiff to take action to cure defective complaint). The court also notes that the six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint. *See id.* at 241 n.11 (treating "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with court's order, which require assessment of *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (per curiam). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (per curiam) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).