IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NICHOLAS FRANCIS DEYO, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 23-1658 |
| | : | |
| v. | : | |
| | : | |
| PHILLIP R. ECK, Manor Township Police; | : | |
| CPL. TICE, Manor Township Police; | : | |
| OFC. HAAS, East Hempfield Police; | : | |
| OFC. TORRES, East Hempfield Police; | : | |
| CHRIS MILLER, District Attorney; | : | |
| CODY WADE, District Attorney; and | : | |
| CHERYL STEBERGER, Warden of the | : | |
| Lancaster County Prison, | : | |
| | : | |
| Defendants. | : | |

**ORDER**

**AND NOW**, this 27th day of September, 2023, after screening the amended complaint

filed by the *pro se* plaintiff, Nicholas Francis Deyo ("Deyo") (Doc. No. 25), as required by 28

U.S.C. § 1915(e)(2);[1] and for the reasons set forth in the separately filed memorandum opinion, it

is hereby **ORDERED** as follows:

1.    The following claims in the amended complaint are **DISMISSED WITH**

**PREJUDICE**: (a) claims under 42 U.S.C. § 1983 against Assistant District Attorneys Cody Wade

and Chris Miller; (b) any claim for money damages for an alleged violation of the Pennsylvania

Constitution; and (c) any claim under 42 U.S.C. §1983 alleging a violation of Deyo's *Miranda*

rights;

2.    The clerk of court is **DIRECTED** to **ADD** the following individuals as defendants

in this case: (a) Officer Haas, East Hempfield Police; (b) Officer Torres, East Hempfield Police;

and Corporal Tice, Manor Township Police;

---

[1] The court previously granted Deyo leave to proceed *in forma pauperis*. *See* June 5, 2023 Order at 1, Doc. No. 14.

3.      Deyo's remaining claims under 42 U.S.C. § 1983 for damages against defendants Eck, Tice, Haas, and Torres in the amended complaint are **STAYED** until such time as all related criminal proceedings in state court have been resolved in accordance with paragraph five of this order;

4.      Deyo's claims under 42 U.S.C. § 1983 against Warden Steberger relating to the conditions at Lancaster County Prison, and his medical care there, are **DISMISSED WITHOUT PREJUDICE**. Given the need to stay Deyo's other claims in this case, no amendment of the claims relating to the conditions of confinement at Lancaster County Prison and Deyo's medical care there will be permitted in this case. Instead, Deyo is **GRANTED** leave to reassert those claims in a **new** civil action. The clerk of court is **DIRECTED** to send Deyo a blank copy of this court's form complaint for a prisoner filing a civil rights action. Deyo may use this form to file a new civil action if he chooses to pursue his conditions-of-confinement and medical claims;

5.      Deyo must notify this court within **thirty (30) days** of the resolution of his related criminal case, *Commonwealth v. Deyo*, No. CP-36-CR-4747-2022 (Lancaster Cnty. Ct. Com. Pl.) that (a) the proceedings have been resolved; (b) how the proceedings resolved; and (c) whether he still intends to pursue the remaining claims in the instant case. Failure to comply with this order may result in dismissal of this case;

6.      The clerk of court is **DIRECTED** to **NOT ISSUE SUMMONSES** for the defendants at this time;

7.      The time to serve process under Federal Rule of Civil Procedure 4(m) is hereby **EXTENDED** to the date the court issues summonses in this case in the event summonses are issued; and

8.      The clerk of court shall **ADMINISTRATIVELY CLOSE** this case. Upon Deyo

notifying the court that his state-court criminal proceedings have concluded, the court will reopen

this case and screen Deyo's remaining claims.

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.